AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California

FILED

Feb 06 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ carolinalopez    DEPUTY

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Maroon Samsung Smartphone<br>Model: Unknown<br>With no identifying numbers or features | )<br>)<br>)<br>)<br>)<br>)    Case No.    24-mj-8092-LR |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-5, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Fernando Quiroz incorporated herein by reference.

❏ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Border Patrol Agent Fernando Quiroz

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: _____02/05/2024_____

*Judge's signature*

City and state: _____El Centro, California_____    HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE

*Printed name and title*

## ATTACHMENT A-5
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**            Maroon Samsung Smartphone
                    Model: Unknown
                    With no identifying numbers or features
                    Seized from Luis CORSOC-Torres
                    **(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-6 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of December 17, 2023, up to and including January 17, 2024, and is limited to the following:

a.    tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.    tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.    tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.    tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.    tending to identify the user of, or persons with control over or access to, the Target Device;

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### AFFIDAVIT

I, Fernando Quiroz, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

### INTRODUCTION

1.      I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**            Silver Samsung Smartphone
                   Model: Unknown
                   With no identifying numbers or features
                   Seized from Danny BRISENO
                   **(Target Device #1)**

**A-2:**            Black ONEPLUS Smartphone
                   Model: Unknown
                   With no identifying numbers or features
                   Seized from Danny BRISENO
                   **(Target Device #2)**

**A-3:**            Black Samsung
                   Model: Unknown
                   With no identifying numbers or features
                   Seized from Danny BRISENO
                   **(Target Device #3)**

**A-4:**            Gray BLU Smartphone
                   Model: Unknown
                   With no identifying numbers or features
                   Seized from Ricky David SPENCER
                   **(Target Device #4)**

**A-5:**            Maroon Samsung Smartphone
                   Model: Unknown
                   With no identifying numbers or features
                   Seized from Luis CORSOC-Torres
                   **(Target Device #5)**

1

**A-6:**  White Apple iPhone
Model: Unknown
With no identifying numbers or features
Seized from Saul MANDUJANO-Guzman
**(Target Device #6) (Collectively "Target Devices")**

as further described in Attachments A-1 to A-6, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2.  The requested warrant relates to the investigation and prosecution of Danny BRISENO (BRISENO) and Ricky David SPENCER (SPENCER) for transportation of illegal aliens Luis CORSOC-Torres (CORSOC), and Saul MANDUJANO-Guzman (MANDUJANO) (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from BRISENO, SPENCER, and the Material Witnesses on or about January 16, 2024, incident to the arrest of BRISENO, SPENCER, and the Material Witnesses. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3.  Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

**EXPERIENCE AND TRAINING**

4.  I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since June 4, 2007, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New

Mexico. The Border Patrol Academy curriculum covers specialized training in the Immigration and Naturalization Act (INA), training in Titles 8,18, 19, 21 and 31 of the United States Code, criminal law, and statutory authority.

5.      I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6.      Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California.  I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities.  Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7.      The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other

applications), and phone numbers of co-conspirators and illegal aliens. For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors. Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8.     Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9.     This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

  a.     tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.      tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.      tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.      tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.      tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.      tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

10.    On January 16, 2024, the Calexico Station's Remote Video Surveillance System (RVSS) was conducting surveillance in the East Desert of the Calexico Border Patrol Station's Area of Responsibility, approximately 25 miles east of the Calexico Port of Entry. At approximately 3:42 p.m., RVSS notified Agents in the field that a gold Chevrolet Trailblazer had just picked up suspected illegal aliens west of the Gordon's Well Exit.

11.    BPA W. Artiles, who was driving a marked Service vehicle, observed a Chevrolet matching the description east of Interstate-8 driving eastbound towards Yuma. BPA W. Artiles relayed the speed and direction of the Chevrolet traveling eastbound on I-8 and maintained visual of the vehicle. BPA K. Hewson, who was driving a fully marked Border Patrol Service vehicle, was performing secondary pursuit duties. BPA W. Artiles and BPA K. Hewson followed the Chevrolet for approximately three miles eastbound before activating their emergency lights and siren to signal for the Chevrolet to stop. The Chevrolet yielded and BPA W. Artiles observed the driver with a passenger along with two individuals hiding in the rear seat.

12.     BPA W. Artiles approached the Chevrolet and questioned the driver, later identified as BRISENO, and one passenger, later identified as SPENCER, regarding citizenship and both claimed to be U.S. Citizens.  BPA W. Artiles then interviewed the remaining passengers hiding in the backseat, later identified as Luis CORSOC-Torres and Saul MANDUJANO-Guzman and determined that they entered the country illegally. BRISENO, SPENCER, CORSOC and MANDUJANO were placed under arrest and were transported to the Border Patrol Station for further processing.

13.     Material Witness CORSOC stated he is a citizen of Mexico. CORSOC does not possess immigration documents to enter, pass or remain in the United States. CORSOC stated the family made the arrangements with a smuggler that was going to charge him $8,000 once he arrived in Los Angeles, California. CORSOC stated that a large 4-door vehicle pulled over on the side of the road and they got in the vehicle. CORSOC stated that there were two males in the vehicle that picked them up.

14.     Material Witness MANDUJANO stated he is a citizen of Mexico. MANDUJANO does not possess immigration documents to enter, pass or remain in the United States. MANDUJANO stated he was going to be charged a total amount of $8,500 once they arrived at their destination in Oregon. MANDUJANO stated that a large SUV pulled over on the side of the road and he and the other individual got into the vehicle that was driven by two males.

15.     During an inventory search of the Chevrolet, BPA Botello recovered two cellphones: a silver Samsung (Target Device #1) and a black ONEPLUS (Target Device #2) were located in the center console. BRISENO claimed ownership of these two cellphones and they were seized as evidence. BRISENO also had a Black Samsung (Target Device #3) in his pocket and that cellphone was seized as evidence. During a search incident to the arrest of SPENCER, CORSOC, and MANDUJANO, BPA W. Artiles located three more cellphones: a gray BLU Smartphone (Target Device #4) was found in SPENCER's pants pocket; a maroon Samsung (Target Device #5) was located in CORSOC's pants pocket; and a white Apple iPhone (Target Device #6) was located in

6

MANDUJANO's pants pocket. SPENCER, CORSOC, and MANDUJANO claimed ownership of their respective cellphones and they were seized as evidence.

16.    I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on December 17, 2023, up to and including January 17, 2024, the day after the arrest of BRISENO, SPENCER and the Material Witnesses.

## METHODOLOGY

17.    It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature, and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants, and have functions such as calendars and full address books, and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored

that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

18.     Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19.     Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

8

**CONCLUSION**

20.    Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that BRISENO, SPENCER and the Material Witnesses used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Fernando Quiroz Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 5th day of February, 2024.

_____    4:58 p.m.

HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

9

**ATTACHMENT A-1**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**          Silver Samsung Smartphone
              Model: Unknown
              With no identifying numbers or features
              Seized from Danny BRISENO
              **(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

**ATTACHMENT A-2**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**            Black ONEPLUS Smartphone
               Model: Unknown
               With no identifying numbers or features
               Seized from Danny BRISENO
               **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## <u>ATTACHMENT A-3</u>
PROPERTY TO BE SEARCHED

The following property is to be searched:


**<u>A-3</u>:**              Black Samsung
                Model: Unknown
                With no identifying numbers or features
                Seized from Danny BRISENO
                **(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**          Gray BLU Smartphone
              Model: Unknown
              With no identifying numbers or features
              Seized from Ricky David SPENCER
              **(Target Device #4)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-5**
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**          Maroon Samsung Smartphone
                  Model: Unknown
                  With no identifying numbers or features
                  Seized from Luis CORSOC-Torres
                  **(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-6**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-6**:                     White Apple iPhone
                       Model: Unknown
                       With no identifying numbers or features
                       Seized from Saul MANDUJANO-Guzman
                       **(Target Device #6)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-6 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of December 17, 2023, up to and including January 17, 2024, and is limited to the following:

a.   tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.   tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.   tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.   tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.   tending to identify the user of, or persons with control over or access to, the Target Device;

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.